IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| COREY POLLARD,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>    Defendant. | Case No.   1:24-cv-1388 |

### NOTICE OF REMOVAL

Defendant Equifax Information Services LLC ("Equifax"), by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, files this Notice of Removal of the above titled action to this Court from the Circuit Court for Howard County, State of Maryland.  In support of this Notice of Removal, Equifax states as follows:

### BACKGROUND

1. On or about March 12, 2024, Plaintiff filed his Complaint in the Circuit Court for Howard County titled *Corey Pollard v. Equifax Information Services LLC*, Case No. C-13-CV-24-000213.

2. Equifax was served with the Complaint on April 12, 2024.  True and correct copies of the Summons and Complaint, together with all process, pleadings, and orders served upon or by Equifax, are attached as **Exhibit A.**  These documents constitute all "process, pleadings, and orders" served upon Equifax in the state court action as required by 28 U.S.C. § 1446(a).

310951911v.1

- 2 -

3. This Notice of Removal is timely, as Equifax has filed this Notice of Removal within thirty-days after Defendant was first served with the Complaint, the initial pleading, setting forth the claims for relief upon which Plaintiff's action is based. **Exhibit A.**

### THIS CASE IS REMOVABLE BASED UPON FEDERAL QUESTION JURISDICTION

4. In his Complaint, Plaintiff purports to bring claims arising out of his constitutional right to privacy of information. (*See* Exhibit A) Plaintiff seeks relief in the form of actual damages for alleged injuries, actual damages, and harm, as well as such other relief the Court may deem equitable. (*See* Exhibit A, Complaint.)

5. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

6. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This is because Plaintiff alleges that Equifax violated his constitutional right to privacy, recognized by the Supreme Court, which is a federal law. *Id.*

7. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

### VENUE AND NOTICE TO STATE COURT

8. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because this action is pending in the Circuit Court for Howard County, venue, for purposes of removal, is proper

- 2 -

in this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a). Equifax, therefore, removes this action to the United States District Court for the District of Maryland, Northern Division.

9. Promptly upon the filing of this Notice of Removal, Equifax shall file a Notice of Filing of Removal to Federal Court, together with a copy of the Notice of Removal, with the Supreme Court of Ohio, and will serve a copy thereof on counsel for Plaintiff, pursuant to 28 U.S.C. 1446(d). A copy of this Notice (without exhibits) is attached hereto at **Exhibit B**.

## CONCLUSION

10. Equifax submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

11. Should Plaintiff seek to remand this case to state court, Equifax respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Equifax asks that the Court retain jurisdiction and allow Equifax to file a motion asking this Court to certify any remand order for interlocutory review by the Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

12. Based on the foregoing, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 due to Plaintiff's constitutional claims. Therefore, the Court properly may exercise jurisdiction over this lawsuit. *See* 28 U.S.C. § 1441.

WHEREFORE, Equifax submits that this action properly is removable based on original federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United State District Court for the District of Maryland, Northern Division. Equifax also requests all other relief, at law or in equity, to which it justly is entitled.

DATED:  May 13, 2024 	Respectfully submitted,

	SEYFARTH SHAW LLP


	By: */s/ Eric J. Janson*
	     Eric J. Janson
	     ejanson@seyfarth.com
	     SEYFARTH SHAW LLP
	     975 F Street, N.W.
	     Washington, DC  20004-1454
	     Telephone:  (202) 463-2400
	     Facsimile:  (202) 828-5393

	*Counsel for Defendant*
	*Equifax Information Services LLC*

310951911v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2024, I presented the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy has also been sent via U.S. Mail to the following:

>Corey Pollard
>P.O. Bos 6771
>Columbia, MD 21045
>
>*Pro-Se Plaintiff*

>*/s/ Eric J. Janson*
>Eric J. Janson
>*Counsel for Defendant*
>*Equifax Information Services LLC*

310951911v.1