## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

COREY POLLARD,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,

    Defendant.

Civil No. 24-1388-BAH

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Corey Pollard ("Plaintiff" or "Pollard"), who is proceeding pro se, brought suit against Defendant Equifax Information Services LLC ("Defendant" or "Equifax") in the Circuit Court for Howard County alleging invasion of privacy (Count 1) and unjust enrichment (Count 2). ECF 4 (state court complaint), at 3–4.[1]  Equifax removed the case asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. ECF 1 (notice of removal), at 2. Pending before the Court is Defendant's motion to dismiss. ECF 7. Also pending is Plaintiff's motion for remand, ECF 8, which Plaintiff later supplemented, ECF 11. Defendant filed a response. ECF 9. Plaintiff replied. ECF 10. Plaintiff also filed a "Motion to Treat Motion to Remand as Unopposed or, in the Alternative, Request for the Court to the Discharge its Non-Discretionary Duty to Render a Ruling." ECF 12. Defendant responded. ECF 13. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

below, the motion to remand is **GRANTED**, the motion to dismiss is **DENIED** as moot,[2] and the "Motion to Treat Motion to Remand as Unopposed or, in the Alternative, Request for the Court to the Discharge its Non-Discretionary Duty to Render a Ruling" is **DENIED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's verified complaint describes Plaintiff as "a man who sometimes acts as a consumer." ECF 4, at 1 ¶ 2. He alleges that Equifax, "[a]s a global data analytics company . . . compiles[] (gathers, assembles, and evaluate[s]) personal information about individuals to create consumer reports which they sell to entities such as banks, landlords, and car dealerships for a profit." *Id.* at 2 ¶ 8. Plaintiff states that Equifax "lacks any legitimate, legal, or justifiable right to access, collect, assemble, or evaluate [Plaintiff's] nonpublic information." *Id.* ¶ 10. Plaintiff further alleges that he "ha[d] requested that Equifax permanently remove" personal information including Plaintiff's "addresses," "account balances and payment histories," and "all inquiries for which [Plaintiff] personally sought financing," but Equifax declined to do so. *Id.* ¶¶ 12–14.

As noted, Plaintiff alleges two causes of action. First, he brings a claim for invasion of privacy alleging that Defendant's "ongoing storage and collection of [Plaintiff's] personal non-public information intrudes upon [Plaintiff's] private affairs." *Id.* at 3 ¶ 18. This information includes "personal non-public information, including addresses, [Plaintiff's] social security number, account statuses, and balances." *Id.* Plaintiff further alleges that "[d]ue to Equifax's invasion and intrusion," Plaintiff has "experienced harm to his reputation, emotional distress, mental anguish, and humiliation." *Id.* ¶ 19. Plaintiff also brings a second claim for unjust enrichment and claims that Equifax "profits from the unauthorized retrieval of information stored in [its] files/records by imposing fees on businesses and lenders for accessing such data and

---

[2] The Court addresses the motion to remand first as its disposition renders the motion to dismiss moot.

information." *Id.* at 4 ¶ 22.  Plaintiff alleges that "there is no dispute that Equifax has unjustly gained and benefited at the expense of violating [Plaintiff's] right to privacy." *Id.*  "Therefore," Plaintiff alleges, "retaining such benefit without compensation would be unjust." *Id.*

Plaintiff seeks $55,000 in damages and removal of account information "stored in [Defendant's] database/files [] for Navy Federal Credit Union and Truist Bank." *Id.* at 4.  Plaintiff also seeks removal of data "stored in [Defendant's] database/files," including all addresses associated with Plaintiff and Plaintiff's employers, as well as an order restricting Defendant from "collecting and storing any non-public personal information" without Plaintiff's authorization. *Id.*

Plaintiff initially filed suit in state court. *See* ECF 4.  Defendant removed the matter to federal court asserting "original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331"[3] because Plaintiff raises a claim of invasion of privacy, which Defendant characterizes as a "constitutional right to privacy, recognized by the Supreme Court[.]" ECF 1, at 2 ¶ 6.  As such, Defendant claims that removal is proper pursuant to 28 U.S.C. § 1441.[4] *Id.* ¶ 7.

Plaintiff argues that remand is appropriate because he intended "to ground his claims firmly in state law, rather than federal law or constitutional grounds." ECF 8, at 2.  He further contends that "there is no federal cause of action for invasion of privacy[.]" *Id.*  Instead, Plaintiff notes that "invasion of privacy claims typically fall within the purview of state law, governed by common law principles and statutory provisions enacted by individual states." *Id.*  Remand is thus appropriate, Plaintiff contends, since "Equifax's assertion of federal jurisdiction based on a

---

[3] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[4] 28 U.S.C. § 1441 authorizes the removal of any civil action originally brough in state court "of which the district court of United States have original jurisdiction."

constitutional right to privacy is [] unfounded, [and] federal law does not provide a basis for [Plaintiff's] claims." *Id.*

Equifax responds by reiterating that Plaintiff cited solely to federal caselaw in his verified complaint which means, in its view, "that Plaintiff's claim for violation of his constitutional right to privacy necessarily depends on a question of federal law that a federal court can resolve." ECF 9, at 4. Pollard, in reply, reiterates that his intent is to raise allegations sounding in "state privacy laws," thus there is no federal question to be resolved and the case should be remanded to state court. ECF 10, at 2.[5]

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "When applying the well-pleaded complaint rule to removal and federal-question jurisdiction," "courts 'ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331.'" *Mayor & City*

---

[5] Plaintiff later filed the "Motion to Treat Motion to Remand as Unopposed or, in the Alternative, Request for the Court to the Discharge its Non-Discretionary Duty to Render a Ruling," ECF 12, asking the Court to treat the motion seeking remand as "unopposed" because Defendant failed to respond to the motion within fourteen days as required under the Local Rules. *Id.* at 2. Defendant responded by noting that it did, in fact, respond to the motion in a timely manner. ECF 13, at 2. A review of the docket reflects that Defendant filed a timely response to Plaintiff's motion for remand. As such, the motion to treat the motion for remand as unopposed, ECF 12, is DENIED.

*Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 197 (4th Cir. 2022) (quoting *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005)). A plaintiff is the "master of the claim" and thus may "avoid federal jurisdiction by exclusive reliance on state law" in drafting a complaint. *Caterpillar Inc.*, 482 U.S. at 392. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

A party seeking removal carries the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). A federal court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Goucher Coll. v. Continental Casualty Co.*, 541 F. Supp. 3d 642, 647 (D. Md. 2021) (quoting *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997)). Thus, if federal jurisdiction is doubtful, the Court should grant a motion to remand. *Mulcahey*, 29 F.3d at 151.

## III.   ANALYSIS

Plaintiff's complaint references only federal cases in its brief summary of law relevant to Plaintiff's invasion of privacy claim. *See* ECF 4, at 2–3 ¶ 17 (citing *Whalen v. Roe*, 429 U.S. 589-599-601 (1977) and *Taylor v. Best*, 746 F.2d 220, 225 (4th Cir. 1984)). Plaintiff points to these federal cases as affirming a "constitutional right to privacy [that] protects personal private information." *Id.* However, as it pertains to the actual cause of action—invasion of privacy—the complaint is more specific in alleging that "[i]n *Maryland*, legal principles prohibit unauthorized and intentional intrusion into an individual's private matters or personal space without their consent." *Id.* at 2 ¶ 17 (emphasis added). Moreover, Plaintiff cites to the "Maryland State Constitution" as the source for "jurisdiction" over his claims. *Id.* at 1 ¶ 1. Given that both *Whalen* and *Taylor* address *governmental* intrusion on the right to privacy, and thus are generally inapplicable here because Plaintiff complains of a private actor's infringement upon his privacy

rights, there is no credible way to read Plaintiff's complaint as raising a federal cause of action for invasion of privacy, even if such a claim existed. *See Whalen*, 429 U.S. at 607–08 (Stewart, J., concurring) ("[A]lthough the Constitution affords protection against certain kinds of *government intrusions* into personal and private matters, there is no general constitutional right to privacy . . . ." (emphasis added) (internal citation omitted)); *Best*, 746 F. 2d at 223 (addressing the right to privacy in the context of questions posed to an inmate by a state prison psychologist and prison staff). As such, remand is appropriate as any alleged federal claim is doubtful, at best. *Mulcahey*, 29 F.3d at 151.

Even if Plaintiff's complaint is read to raise issues sounding in federal law, it does not necessarily mean that jurisdiction is appropriate in federal court. As Judge Russell noted when facing a motion to remand in a similar case brought by Plaintiff, "[a] claim based on federal law, however, does not necessarily mean [a c]omplaint should be construed as stating a federal cause of action." *Pollard v. TransUnion, LLC*, Civ. No. GLR-24-01381, 2024 WL 4696617, at *2 (D. Md. Nov. 6, 2024). There, Pollard raised invasion of privacy and unjust enrichment claims against TransUnion, a credit reporting agency similar to Equifax. *Id.* at *1. TransUnion removed the case to federal court because, as he does here, Pollard cited only to "federal case law" in his complaint.[6] *Id.* Despite these citations to federal law, Judge Russell found that federal question jurisdiction was still inappropriate because "[a]lthough Pollard also based his claim of invasion of privacy by referencing the United States Constitution [], showing an alternative theory of liability is not enough to raise a federal substantive question." *Id.* (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 814 (4th Cir. 2004) and *Mulcahey*, 29 F.3d at 149). The same is true here; Pollard does not

---

[6] A review of the docket in that case reflects that Pollard's complaint is nearly identical to the one in this case. *See Pollard v. TransUnion*, Civ. No. GLR-24-1381, ECF 3 (state court complaint).

raise a federal cause of action simply because the complaint briefly references federal caselaw. Remand is appropriate.

Though not raised in the papers related to the motion to remand, Equifax moves to dismiss Plaintiff's claim on the ground that his claims are preempted by the Fair Credit Reporting Act ("FCRA"). ECF 7, at 1. To the extent this argument is wielded in defense of remand, it bears noting that "[e]ven if there is an available defense of preemption to a plaintiff's state claims, a [m]otion to [r]emand is not granted unless there is *complete* preemption." *Pollard*, 2024 WL 4696617, at *2 (emphasis added) (citing *Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005)). Complete preemption "converts an ordinary state common law complaint into one stating a federal claim." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987). "To remove an action on the basis of complete preemption, a defendant must establish that the plaintiff has a federal claim and that 'Congress intended [the federal claim] to be the exclusive remedy for the alleged wrong.'" *Pollard*, 2024 WL 4696617, at *2 (citations omitted).

As Judge Russell noted in addressing the FCRA preemption argument in *Pollard v. TransUnion*, "there is no evidence that Congress intended to completely displace state claims in this area." *Id.* (citing *Cochran v. Newrez LLC*, No. 2:21-CV-00626, 2022 WL 1600536 at *3–4 (S.D. W. Va. May 19, 2022)). "Additionally, nearly every district court that has addressed this question has decided that the FCRA does not completely preempt state claims." *Id.* (citing *Rule v. Ford Receivables, Inc.*, 36 F. Supp. 2d 335, 338–39 (S.D. W. Va. 1999)). Further, remanding Plaintiff's claims to state court "does not preclude a subsequent defense of preemption." *Id.* (citing *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 590 (4th Cir. 2006)). "Indeed, the Supreme Court explained that even when a federal preemption defense to a state cause of action is obvious, removal is still inappropriate in most circumstances." *Id.* (citing *Metropolitan Life Ins.*

*Co. v. Taylor*, 481 U.S. 58, 66 (1987)). Thus, though not expressly raised by Defendant in the context of remand, Pollard's claims are not completely preempted by federal law and remand remains appropriate.

## IV.    CONCLUSION

For the foregoing reasons, Pollard's motion for remand (ECF 8) is **GRANTED**, Pollard's "Motion to Treat Motion to Remand as Unopposed or, in the Alternative, Request for the Court to the Discharge its Non-Discretionary Duty to Render a Ruling" (ECF 12) is **DENIED**, and Equifax's motion to dismiss (ECF 7) is **DENIED as moot**. This case shall be **REMANDED** to the Circuit Court for Howard County.

A separate implementing Order will issue.

Dated: <u>March 5, 2025</u>                            <u>        /s/        </u>
                                                                        Brendan A. Hurson
                                                                        United States District Judge